UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

JONATHAN J. MACK-MUHAMMED,
   Plaintiff,

v.

CASE NO. 4-08-CV-11 (CDL)

CAGLE'S, INC., AND BRIAN GRAVES,
BRANDON CRYAR, ANTHONY INGRAM,
IN THEIR INDIVIDUAL CAPACITIES
   Defendants.

## COMPLAINT

Plaintiff, Jonathan Mack-Muhammed, by and through himself pro se complains against Defendants as follows:

1. This is an action for declaratory and injunctive relief and for damages against the defendants to redress deprivation of Plaintiff's civil rights under 42 U.S.C.A. § 1983 and rights secured by the Civil Rights Act of 1964, as amended, 42 U.S.C.A. §§ 2000e et seq., and 42 U.S.C.A. § 1981, as amended.

## THE PARTIES

2. Plaintiff, Jonathan Mack-Muhammed, is a Muslim residing within this judicial district. Beginning on October 5, 2006, Plaintiff was employed as a deboner, and was subsequently promoted to Superintendent with Defendant, Cagle's, Inc., at the Pine Mountain Valley plant.

3. Defendant, Cagle's Inc., is a corporation operating and exercising control over, among other things, Cagle's Inc. Pine Mountain Valley second process plant in Pine Mountain, Georgia.

4. At all times relevant and material, Cagle's, Inc. employed more than 501 employees and was Plaintiff's employer within the meaning of Title VII, as amended, 42 U.S.C.A. § 2000(a) to (b).

5. Cagle's, Inc. exercises power and control, and is a final policy maker with respect to the policies, practices and procedures maintained by the Pine Mountain Valley second processing plant, including those that are the subject of this Complaint.

6. Cagle's, Inc. and the Pine Mountain Valley second processing plant acted together in promulgating, enforcing and maintaining the policies and practices referred to and complained of below.

7. Cagle's, Inc. and Pine Mountain Valley second processing plant, are and were responsible for the acts of its supervisors and officers, who were acting within the scope of their employment,

and under the color of law pursuant to a policy, custom and/or practice of national origin and/or religious discrimination, and violations of individuals' equal protection under the Fourteenth Amendment to the Constitution of the United States.

8. Defendant, Brian Graves, held the position of Plant Manager with the Pine Mountain Valley second processing plant and supervised Plaintiff.

9. During all times relevant and material, Defendant, Brian Graves, was the decision maker, and supervised, controlled and had responsibility for the day-to-day operations of a certain division Cagle's, Inc. and Pine Mountain Valley second processing plant in which Plaintiff worked.

10. During all times relevant and material, Defendant, Brain Graves, supervised Plaintiff as part of the Plaintiff's employment by Cagle's, Inc. and the Pine Mountain Valley second processing plant.

11. Defendant, Anthony Ingram, held the position of Superintendent with Cagle's, Inc. and the Pine Mountain Valley second processing plant and worked with the Plaintiff.

12. Defendant, Brandon Cryar, held the position of Manager of Sales with Cagle's, Inc. and the Pine Mountain Valley second processing plant and worked with the Plaintiff.

13. At all times relevant and material, Defendants acted under the color of law.

14. At all times relevant and material, Defendants acted within the scope of their employment.

## JURISDICTION AND VENUE

15. Jurisdiction of this court is invoked pursuant to 28 U.S.C.A. § 1331, 28 U.S.C.A. § 1343(4), 28 U.S.C.A. § 2201, 28 U.S.C.A. § 2202, 42 U.S.C.A. § 1983, 42 U.S.C.A. § 1981, amended, and Title VII. Specifically, jurisdiction to grant injunctive and equitable relief as well as damages is invoked pursuant to 42 U.S.C.A. §§ 2000e et seq., as amended, and 42 U.S.C.A. § 1981, as amended. Supplemental jurisdiction is provided under 28 U.S.C.A. § 1367.

16. Venue is proper under 28 U.S.C.A. § 1391 because the acts complained of by Plaintiff occurred within this judicial district and because the Defendants have a principal place of business within the district.

17. At all times relevant, Plaintiff was in a contractual relationship with Defendants, Cagle's, Inc., within the meaning of 42 U.S.C.A. § 1981, as amended.

18. Plaintiff fully complied with the procedural requirements of Title VII. On March 7, 2007, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission for religion and race discrimination against the Defendant, Cagle's, Inc. (Exhibit A).

19. On or about October 30, 2007, the EEOC issued a letter indicating that it was likely the EEOC would not be able to complete its administrative processing within 180 days of the Plaintiff filing his charge against Defendant, Cagles, Inc. (Exhibit B).

20. This Complaint was timely filed within ninety (90) days of receipt of the attached Notice.

## GENERAL ALLEGATIONS

21. Plaintiff began working for the Defendant, Cagle's, Inc. on or about October 5, 2006.

22. On or about November 2006, Plaintiff was promoted to Superintendent at the Cagle's Inc. Pine Mountain Valley plant because he demonstrated an exemplary code of conduct and ethics.

23. While a member of the Cagle's Inc. Pine Mountain Valley plant, Defendant, Brian Graves became Plaintiff's immediate supervisor.

24. Defendant Brian Graves is not Muslim.

25. From on or about November 2006, to on or about February 2007, while a member of the the Cagle's Inc. Pine Mountain Valley plant, Plaintiff was partnered with Defendant, Anthony Ingram.

26. Defendant Anthony Ingram is not Muslim.

27. Defendant Anthony Ingram advised Plaintiff that he was a former United States Soldier.

28. On an almost daily and constant basis, while they worked together, Defendant Anthony Ingram antagonized Plaintiff by questioning why he would wear a Kufi, why he did not eat pork. Defendant Anthony Ingram would also attempt to contact Plaintiff on the plant intercom by referring to Plaintiff as "Mr. Bin Laden," "Osama," and "the Muhammed Man."

29. Defendant Brandon Cryar frequently questioned Plaintiff's wearing of a Kufi, as well as Plaintiff's refusal to eat pork. He joked that Plaintiff would receive a ham while all other employees received a turkey for the Holidays.

30. Both Defendants, Anthony Ingram and Brandon Cryar made such comments in front of Defendant Brian Graves, who was the plant manager.

31. Despite the fact Plaintiff's superiors witnessed the highly offensive and discriminatory treatment of Plaintiff, no one took any corrective action to stop it.

32. On several occasions, Plaintiff asked Defendants, Anthony Ingram, Brandon Cryar, and Brian Graves to stop the offensive and discriminatory name-calling and references to Plaintiff as "Osama " and "Mr. Bin laden." In response, Defendants would laugh at Plaintiff.

33. During management meetings, Defendant, Cagle's, Inc., provided lunch consisting of pork barbeque or pizza containing pepperoni or sausage. On one occasion, Plaintiff requested that a meal not consisting of pork be provided, and Plaintiff was advised by Defendant's Brian Graves, Brandon Cryar, and Anthony Ingram that he should convert so he could eat lunch.

34. During Plaintiff's employment with Cagle's, Inc., the rules and policies were consistently applied more harshly to Plaintiff than to managers who were not Muslim.

35. During Plaintiff's employment with Defendant, Plaintiff was subjected to greater scrutiny than were employees who were not Muslim.

36. During Plaintiff's employment with Defendant, Plaintiff did not enjoy the same terms, privileges and conditions of employment as did officers who were not Muslim.

37. On March 5, 2007, Plaintiff was informed that he was being terminated. When he asked for the reason that he was being terminated, O'neal Shaw informed Plaintiff that his termination was due to Plaintiff's failure to get along with his co-workers.

38. On March 7, 2007, Plaintiff filed a complaint with the EEOC claiming inter alia that he was discriminating against due to his religion, which is Muslim.

39. On or about March 10, 2007, Doug Cagle, Sr., CEO of Defendant Cagle's, Inc. spoke to Plaintiff and discussed Plaintiff's termination. Mr. Cagle informed Plaintiff that he would have to drop his EEOC complaint if he were to return to work.

40. On or about October 30, 2007, the EEOC issued Plaintiff a Notice of Right to Sue letter because it determined that it would not be able to complete its investigation within 180 days of Plaintiff's complaint.

## COUNT I
### Violation of TITLE VII

Religious Discrimination by Defendant's Brian Graves,
Brandon Cryar, Anthony Ingram, in their individual capacities, and Cagle's, Inc.

41. Plaintiff, Jonathan M. Mack-Muhammed, adopts and incorporates by reference the allegations in Paragraphs 1 to 40 of this Complaint.

42. The Plaintiff is a member of a protected class, the Muslim religion.

43. Plaintiff was employed by Defendant Cagle's, Inc., between October 5, 2006 through March 5, 2007.

44. During the course of Plaintiff's employment with Defendants since approximately October 5, 2006 through March 5, 2007, Plaintiff has been subjected to a discriminatory, hostile and offensive work environment because of Plaintiff's religion, as more fully described in this

Complaint.

45. The environment referred to in the above paragraph of this Complaint included, but was not limited to:

    (a) On a daily and on-going basis, officers calling Plaintiff derogatory, offensive and inappropriate names and making derogatory, offensive and inappropriate comments based on Plaintiff's religion, Muslim.

    (b) On a daily and on-going basis, officers ridiculing and mocking Plaintiff's religious habits, religious holidays, and other aspects of Plaintiff's religion.

    (c) Defendant's Brian Graves, Brandon Cryar, and Anthony Ingram advising Plaintiff to convert so he could eat pork in response to Plaintiff's request that something other than pork be provided for lunch.

46. In addition to the above:

    (a) Plaintiff was denied a lunch suitable to his religion when non-Muslim employees were provided lunch suitable for their religion.

    (b) Plaintiff was questioned about the way he dressed when non-Muslim employees were not questioned about the way they dressed.

    (c) Plaintiff was treated more harshly and reprimanded in the presence of other employees when non-Muslim employees were not treated as harshly or reprimanded in the presence of other employees for committing similar acts as Plaintiff.

    (d) Plaintiff was subjected to greater scrutiny than were employees who were not Muslim.

    (e) Plaintiff was constantly questioned about job-related decisions Plaintiff made when non-Muslim officers were not questioned about similar job-related decisions that they made.

47. All of the foregoing was offensive to Plaintiff and would be offensive to a reasonable person.

48. Plaintiff was subjected to the conduct referred to in this Complaint because Plaintiff is Muslim.

49. Similarly situated non-Muslim employees were not subjected to the conduct referred to in this Complaint.

50. Much of the conduct referred to in this Complaint occurred in the presence of Plaintiff's supervisor, Defendant Brian Graves, who responded by laughing at the offensive comments.

51. Much of the conduct referred to in this Complaint was done in the presence of other employees.

52. As a result of the offensive and discriminatory name-calling and comments, particularly in the presence of other employees, Plaintiff's authority as a superintendent was undermined which interfered with Plaintiff's ability to perform his job.

53. Despite Plaintiff's requests to Defendants Brian Graves, Brandon Cryar, and Anthony Ingram to stop the harassment and offensive name-calling and comments, Defendants failed and refused to take any action to correct the offensive and discriminatory conduct.

54. The discriminatory acts and environment described in this Complaint were otherwise known by Defendant Cagle's, Inc.

55. In spite of Plaintiff's complaints referred to in this Complaint, Defendants took no appropriate remedial action, but instead retaliated against Plaintiff by terminating his employment.

56. Defendant's discriminatory behavior was part of a custom, pattern and practice of unlawful harassment and discrimination of employees who are Muslims.

57. As a direct and proximate result of the foregoing, Plaintiff has suffered lost wages, lost benefits, moving expenses, embarrassment, humiliation, emotional distress, and other forms of damage.

58. Plaintiff has suffered damages of an on-going and continuous nature.

WHEREFORE, Plaintiff, Jonathan M. Mack-Muhammed, requests that this honorable court:

1. Enter judgment in Plaintiff's favor and against Defendants for their violations of Title VII;

2. Award Plaintiff actual damages suffered, including lost wages and damages;

3. Award Plaintiff compensatory damages under Title VII for embarrassment, anxiety, humiliation and emotional distress Plaintiff has suffered;

4. Award Plaintiff prejudgment interest on his damages award;

5. Enjoin Defendants, their officers, agents, employees and anyone acting in concert with them, from discriminating, harassing and retaliating against Plaintiff and any employee;

6. Award Plaintiff reasonable costs and attorney fees; and

7. Grant Plaintiff such other and further relief as this court deems equitable and just.

## COUNT II

Intentional Infliction of Emotional Distress Defendant's Brian Graves, Brandon Cryar, Anthony Ingram, in their office capacities, and Cagle's Inc.

59. Plaintiff, Jonathan M. Mack-Muhammed, adopts and incorporates by reference the allegations in Paragraphs 1 to 58 of this Complaint.

60. Defendant Cagle's, Inc., Defendant Brian Graves, Defendant Brandon Cryar, and Defendant Anthony Ingram intended to cause severe emotional distress in Plaintiff.

61. Defendants' conduct was extreme, outrageous and beyond the bounds of moral decency.

62. Defendants' conduct was so outrageous that no reasonable person could be expected to endure it.

63. As a result of Defendants' conduct, Plaintiff suffered severe emotional distress.

WHEREFORE, for the foregoing reasons, Plaintiff, Jonathan M. Mack-Muhammed, requests that this honorable court award damages in an amount sufficient to compensate Plaintiff for the damages Plaintiff suffered together with punitive damages and the costs of this action.

### PLAINTIFF DEMANDS A TRIAL BY JURY.

The Plaintiff demands a trial by jury of all issues so triable pursuant to Rule 38 of the Federal Rules of Civil Procedure and § 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

Dated:

Respectfully submitted,

*[signature]*

JONATHAN M. MACK-MUHAMMED
Plaintiff, Pro Se
PO Box 874
Pine Mountain, GA 31822